36 F.3d 1099
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph BURGOS, Defendant-Appellant.
 No. 93-3177.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 7, 1994.
Decided Sept. 29, 1994.
 
 Before CUMMINGS, BAUER and CUDAHY, Circuit Judges.
 
 ORDER
 
 1
 Joseph Burgos appeals the district court's denial of his motion for a new trial after a jury convicted him of one count of distributing cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and one count of using a communication facility in the commission of a felony in violation of 21 U.S.C. Sec. 843(b). Burgos was arrested after delivering approximately two kilograms of cocaine to Kooroush Khalaj, a government informant, who testified for the government at trial. Burgos moved for a new trial on the ground of newly discovered evidence of allegedly perjured testimony by Khalaj. We affirm the district court's denial of Burgos' motion.
 
 
 2
 Federal Rule of Criminal Procedure 33 provides that a district court may grant a defendant's motion for a new trial "if required in the interest of justice." A new trial should be granted on the ground that newly discovered evidence discloses false testimony when:
 
 
 3
 (a) The court is reasonably well satisfied that the testimony given by a material witness is false; and
 
 
 4
 (b) The jury might have reached a different conclusion absent the false testimony or if it had known that testimony by a material witness was false; and
 
 
 5
 (c) The party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial.
 
 
 6
 United States v. Reed, 986 F.2d 191, 192-93 (7th Cir.1993). If the newly discovered evidence does not involve perjury, the defendant must show that the evidence (1) came to his knowledge only after trial; (2) could not have been discovered sooner had due diligence been exercised; (3) is material and not merely impeaching or cumulative; and (4) would probably lead to an acquittal in the event of a new trial. United States v. Young, 20 F.3d 758, 763 (7th Cir.1994). We review a district court's denial of a motion for a new trial for an abuse of discretion. Reed, 986 F.2d at 193. A district court abuses its discretion only when no reasonable person could agree with the district court. Mares v. Busby, No. 93-3584, slip op. at 4 (7th Cir.1994).
 
 
 7
 Burgos asserts that Khalaj perjured himself by (1) testifying that he was not compensated by the Drug Enforcement Administration ("DEA") in this case, and (2) testifying that he became an informant only because of a feeling of indebtedness to Eddie Bontkowski rather than because of payments he received from the family of Demetrios Koukoulomates.[1] The district court found that this testimony was not false, although it was less forthright than it could have been, and that the new information was at most impeaching and cumulative. The district court also found that the new information would not have led to an acquittal. We find no abuse of discretion in the district court's rulings.
 
 
 8
 The $1000 which Burgos asserts was paid to Khalaj by the DEA was received by Khalaj from Bontkowski. The DEA paid Bontkowski $2000 based on the two kilograms of cocaine involved in the offense. It was undisputed that Bontkowski signed a receipt for the $2000 and that no one from the government told Bontkowski to pay Khalaj or anyone else. Khalaj never testified at trial that he did not receive any money from the Koukoulomates family for cooperating with the government. Khalaj's testimony with respect to these payments may have been incomplete, but incomplete answers are not equivalent to false testimony. Reed, 986 F.2d at 194. The district court also found that the prosecutors trying the case and the DEA case agent had no knowledge of any payments received by Khalaj from the Koukoulomates family. This finding is well supported by the record. The district court did not abuse its discretion in determining that Khalaj's testimony was not false.
 
 
 9
 Burgos is unable to satisfy the more rigorous standard for granting a new trial set forth in Young. The newly discovered evidence was merely impeaching and was cumulative of other trial evidence impeaching Khalaj. The evidence also would not have likely led to an acquittal. The government presented overwhelming evidence of Burgos' guilt, and the jury rejected Burgos' entrapment defense after receiving an entrapment instruction. Burgos' claim that he is entitled to a new trial on the ground that the prosecution violated Brady v. Maryland, 373 U.S. 83, 87 (1963) fails because the prosecution did not suppress any evidence relating to payments received by Khalaj from Bontkowski and the Koukoulomates family. Young, 20 F.3d at 764.
 
 
 10
 For the foregoing reasons, the district court's denial of Burgos' motion for a new trial is AFFIRMED.
 
 
 
 [1]
 Demetrios Koukoulomates is a felon who was facing a lengthy sentence for a federal drug conviction in the Central District of Illinois. Bontkowski became an informant for the DEA in order to obtain a reduction in Koukoulomates' sentence